# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2024

Lyle W. Cayce
Clerk

No. 22-50936

CounSel HOLDINGS, INCORPORATED,

*Plaintiff—Appellee*,

*versus*

EVAN P. JOWERS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-444

Before KING, Ho, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Evan Jowers appeals the district court's determinations that he violated his employment contract with his former employer, MWK, and misappropriated its trade secrets. The district court's determinations were not clearly erroneous. We affirm.

In April 2006, Jowers was hired as a legal recruiter for MWK, which is now Counsel Holdings. He signed an employment agreement with non-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50936

compete and non-solicitation covenants. While he was employed, Jowers relocated to Hong Kong and began recruiting for law firms in Asia. On December 16, 2006, he resigned from MWK. Later that month, he began working for another attorney recruiting firm in Hong Kong, Legis Ventures.

MWK sued Jowers for misappropriation of trade secrets and breach of the restrictive covenants in his employment contract. MWK alleged that, while Jowers was still employed with MWK, he submitted its candidates for employment through Legis Ventures. After a bench trial, the district court found in favor of MWK on both claims. Jowers appeals the district court's determinations that MWK proved its misappropriation and breach of contract claims. [1]

"On appeal from a bench trial, we review the district court's decision for clear error as to the court's findings of fact and *de novo* as to legal issues." *Poole ex rel. Brian Steven Poole Est. v. City of Shreveport*, 79 F.4th 455, 459 (5th Cir. 2023). This court gives great deference to the factual findings of a bench trial. *Hess Corp. v. Schlumberger Tech. Corp.*, 26 F.4th 229, 233 (5th Cir. 2022). If "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

"A trade secret is information which derives independent economic value from being not generally known or readily ascertainable through proper means." *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 262 (5th

---

[1] Jowers also challenges the denials of his motion to dismiss and his summary judgment motion. Neither can be appealed after a trial on the merits. *See, e.g.*, *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994).

Cir. 2022) (citation omitted). Whether information can be classified as a trade secret is a question of fact. *Id.*

The district court concluded that MWK's customers' "names, their clients, how much their practices were worth, their language skills, their goals for switching firms, and their law school records" constitute trade secrets. The court said MWK's customer information was not generally known and not readily ascertainable because Jowers acquired the information only because he was employed with MWK.

Misappropriation involves the disclosure or use of a trade secret without express or implied consent by a person who breached confidentiality to divulge the information. *See* TEX. CIV. PRAC. & REM. CODE § 134A.002(3). Jowers's employment agreement explicitly required confidentiality, and he testified that MWK's customers requested that he keep their information secret. Regardless, Jowers divulged MWK's customer information to others, including a competing recruitment firm, without authorization. We find that the district court's determination that Jowers misappropriated confidential client information is permissible in light of the evidence.

Jowers likewise challenges the district court's ruling in favor of MWK on the breach of contract claim. Jowers argues that MWK lacked "legitimate business interests." Under Florida law, enforcement of a restrictive covenant is justified by the "existence of one or more legitimate business interests."[2] FLA. STAT. § 542.335(1)(b). The district court found that MWK's client information constituted trade secrets and trade secrets are considered legitimate business interests. *Id.* We find no clear error.

---

[2] The district court determined that Jowers's employment agreement is governed by Florida law.

No. 22-50936

Regarding Jowers's argument that we should reverse the breach of contract determination because MWK had unclean hands, this court will not address arguments on appeal that weren't raised in a manner sufficient for the district court to rule on them. *See Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021).

We affirm.